1  David Romley [CSBN 82713]
   10629 Franlie Dr.
2  Shadow Hills, California 91040
   romleylaw@gmail.com
3  818-636-1759 Telephone
   818-951-9469 Fax
4  Attorney for Plaintiffs
   Chad Ayach and Joseph Nofal

5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chad Ayach,<br><br>         Plaintiff,<br><br>    vs.<br><br>Michelle Moran; Robert Stephens;<br><br>Christine Mata;  Christine Bender;<br><br>Brendan O'Brien;<br><br>         Defendants. | Case No.: ED CV 19-2495 FMO (SPx)<br><br>Consolidated Second Amended Complaint For Damages For Deprivation Of Constitutional Rights (42 U.S.C. §1983, *et seq.*); For Preliminary and Permanent Injunctions; Demand For Trial By Jury |

Joseph Nofal,

         Plaintiff,

    vs.

Michelle Moran; Robert Stephens;

Christine Mata;  Christine Bender;

Brendan O'Brien;

---

COMPLAINT

- 1

FIRST CLAIM FOR RELIEF BY PLAINTIFF CHAD AYACH FOR DAMAGES FOR DEPRIVATION OF CONSITUTIONAL RIGHTS AGAINST ALL DEFENDANTS

1. This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983, *et. seq.*, based upon continuing violations of plaintiffs' constitutional right to due process in connection with his expulsion from a state university. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983, et seq., and questions of federal constitutional law.

2. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3. Plaintiff is informed and believes and thereon alleges defendants Michelle Moran, Robert Stephens, Christine Mata, Christine Bender, and Brendan O'Brien and each of them are individuals residing within the United States District Court for the Central District of California.

4. Plaintiff is informed and believes and thereon alleges defendants Michelle Moran, Robert Stephens, Christine Mata, Christine Bender, and Brendan O'Brien, and each of them, are employees of the University of California, Riverside, and in doing the things herein alleged were acting under color of state law.

5. Plaintiff Chad Ayach is a resident of the County of Los Angeles, State of California.

6. In 2016 plaintiff was admitted to and became a full time student at University of California, Riverside ("UCR"), one of the campuses of the University of California system. Plaintiff has completed all studies, except one quarter, to earn his undergraduate university degree.

7. In or about January 2019 defendant Michelle Moran, acting in her capacity as Conduct Coordinator of the Student Conduct & Academic Integrity Programs at UCR, commenced a proceeding to expel plaintiff for alleged violations of UCR's student conduct rules. Initiation of the proceeding was based on anonymous reports from unidentified individuals, whose names were kept secret and redacted from documents provided to plaintiff throughout said proceeding. Therein, plaintiff was accused of, *inter alia*, kidnapping a UCR student and "hazing."

8. On October 3, 2019, defendants Robert Stephens and Michelle Moran, along with other participants from UCR, conducted and presided over an adversarial proceeding entitled a "Committee Review," at which time allegations against plaintiff were reviewed and plaintiff was questioned.

9. On November 6, 2019, defendant Robert Stephens notified plaintiff in writing that he was found to be responsible for various student conduct violations including kidnapping and hazing, that he was being sanctioned by the imposition of a Disciplinary Dismissal applicable to the entire University of California system, effective immediately, and that his status as a UCR student was terminated indefinitely, i.e., that plaintiff was expelled.

10. On or about November 21, 2019, plaintiff appealed his expulsion to the UCR Dean of Students, defendant Christine Mata. On December 16, 2019, defendants Christine Bender and Brendan O'Brien denied plaintiff's appeal, a decision in which defendant Christine Mata participated and ratified based on plaintiff's information and belief.

11. Plaintiff's right to education is a clearly established, constitutionally protected property interest and, insofar as plaintiff was found responsible for kidnapping and hazing impugning his reputation and integrity, his protected liberty interest is also implicated.

12. Defendants and each of them, acting under color of state law, deprived plaintiff of his property and liberty interests without due process of law in that:

a. Defendants expelled plaintiff through a proceeding during which the identities of the informants were kept secret, their names being redacted in the charging documents, and plaintiff was thereby prevented from conducting any meaningful investigation of the charges against him prior to the Committee Review of October 3, 2019;

b. The unidentified witnesses did not appear or testify at the Committee Review on October 3, 2019, thereby depriving plaintiff of the right to confront and cross-examine the unknown adverse witnesses;

c. The purported victim of the alleged kidnapping did not appear or testify at the Committee Review of October 3, 2019, thereby depriving plaintiff of the right to confront and cross-examine the purported victim.

d. Plaintiff is informed and believes the Committee that was convened on October 3, 2019, was comprised of biased individuals who owed allegiance and fidelity to defendants Michelle Moran and/or Robert Stephens.

13. As a direct and proximate result of defendants' actions, plaintiff has been deprived of constitutionally protected property and liberty rights, has sustained and will sustain damages and losses as a result of the interruption of his academic and professional careers, has and will sustain emotional distress and general tort damages, all to his damages in such sums as shall be proved at trial.

14. Plaintiff is entitled to recover costs and attorney fees incurred in the prosecution of the within complaint.

## SECOND CLAIM FOR RELIEF BY PLAINTIFF CHAD AYACH FOR PRELIMINARY AND PERMANENT INJUNCTION

15. Plaintiff repeats and realleges Paragraphs 1 through 14, supra, as though fully set forth herein.

16. Defendants' expulsion of plaintiff from UCR and the entire University of California system, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to plaintiff

in that plaintiff has been deprived of due process, his academic career has been interrupted, his professional career will be impaired, and his reputation will be permanently impugned.

17. Plaintiff has no adequate remedy at law for the injuries being suffered, it will be impossible for plaintiff to determine the precise amount of damage that he will suffer if defendants' conduct is not restrained.

## THIRD CLAIM FOR RELIEF BY PLAINTIFF JOSEPH NOFAL FOR DAMAGES FOR DEPRIVATION OF CONSITUTIONAL RIGHTS AGAINST ALL DEFENDANTS

18. This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983, *et. seq.*, based upon continuing violations of plaintiffs' constitutional right to due process in connection with his expulsion from a state university. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983, et seq., and questions of federal constitutional law.

19. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2).

20. Plaintiff is informed and believes and thereon alleges defendants Michelle Moran, Robert Stephens, Christine Mata, Christine Bender, and Brendan O'Brien and each of them are individuals residing within the United States District Court for the Central District of California.

21. Plaintiff is informed and believes and thereon alleges defendants Michelle Moran, Robert Stephens, Christine Mata, Christine Bender, and Brendan O'Brien, and each of them, are employees of the University of California, Riverside, and in doing the things herein alleged were acting within the course and scope of such employment in their official capacities and were acting under color of state law.

22. Plaintiff Joseph Nofal is a resident of the County of Los Angeles, State of California.

23. In 2016 plaintiff was admitted to and became a full time student at University of California, Riverside ("UCR), one of the campuses of the University of California system. Plaintiff has completed all studies, except one quarter, to earn his undergraduate university degree.

24. In or about January 2019 defendant Michelle Moran, acting in her capacity as Conduct Coordinator of the Student Conduct & Academic Integrity Programs at UCR, commenced a proceeding to expel plaintiff for alleged violations of UCR's student conduct rules. Initiation of the proceeding was based on anonymous reports from unidentified individuals, whose names were kept secret and redacted from documents provided to plaintiff throughout said proceeding. Therein, plaintiff was accused of, *inter alia*, kidnapping a UCR student and "hazing."

25. On October 3, 2019, defendants Robert Stephens and Michelle Moran, along with other participants from UCR, conducted and presided over an adversarial proceeding entitled a "Committee Review," at which

time allegations against plaintiff were reviewed and plaintiff was questioned.

26. On November 6, 2019, defendant Robert Stephens notified plaintiff in writing that he was found to be responsible for various student conduct violations including kidnapping and hazing, that he was being sanctioned by the imposition of a Disciplinary Dismissal applicable to the entire University of California system, effective immediately, and that his status as a UCR student was terminated indefinitely, i.e., that plaintiff was expelled.

27. On or about November 21, 2019, plaintiff appealed his expulsion to the UCR Dean of Students, defendant Christine Mata. On December 16, 2019, defendants Christine Bender and Brendan O'Brien denied plaintiff's appeal, a decision in which defendant Christine Mata participated and ratified based on plaintiff's information and belief.

28. Plaintiff's right to education is a clearly established, constitutionally protected property interest and, insofar as plaintiff was found responsible for kidnapping and hazing impugning his reputation and integrity, his protected liberty interest is also implicated.

29. Defendants and each of them, acting under color of state law, deprived plaintiff of his property and liberty interests without due process of law in that:

    A. Defendants expelled plaintiff through a proceeding during which the identities of the informants were kept secret, their names

being redacted in the charging documents, and plaintiff was thereby prevented from conducting any meaningful investigation of the charges against him prior to the Committee Review of October 3, 2019;

B. The unidentified witnesses did not appear or testify at the Committee Review on October 3, 2019, thereby depriving plaintiff of the right to confront and cross-examine the unknown adverse witnesses;

C. The purported victim of the alleged kidnapping did not appear or testify at the Committee Review of October 3, 2019, thereby depriving plaintiff of the right to confront and cross-examine the purported victim.

D. Plaintiff is informed and believes the Committee that was convened on October 3, 2019, was comprised of biased individuals who owed allegiance and fidelity to defendants Michelle Moran and/or Robert Stephens.

30. As a direct and proximate result of defendants' actions, plaintiff has been deprived of constitutionally protected property and liberty rights, has sustained and will sustain damages and losses as a result of the interruption of his academic and professional careers, has and will sustain emotional distress and general tort damages, all to his damages in such sums as shall be proved at trial.

31. Plaintiff is entitled to recover costs and attorney fees incurred in the prosecution of the within complaint.

**FOURTH CLAIM FOR RELIEF BY PLAINTIFF JOSEPH NOFAL FOR PRELIMINARY AND PERMANENT INJUNCTION**

32. Plaintiff repeats and realleges Paragraphs 18 through 31, supra, as though fully set forth herein.

33. Defendants' expulsion of plaintiff from UCR and the entire University of California system, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to plaintiff in that plaintiff has been deprived of due process, his academic career has been interrupted, his professional career will be impaired, and his reputation will be permanently impugned.

34. Plaintiff has no adequate remedy at law for the injuries being suffered, it will be impossible for plaintiff to determine the precise amount of damage that he will suffer if defendants' conduct is not restrained.

WHEREFORE, plaintiffs and each of them pray judgment against defendants and each of them as follows:

35. For damages in such sums as shall be proved at trial;

36. For costs and attorney fees;

37. For preliminary injunctions prohibiting defendants and each of them from effecting the expulsions of plaintiffs and ordering them to re-enroll plaintiffs as UCR students so that they may there complete their university degrees;

38. For permanent injunctions prohibiting defendants and each of them from effecting the expulsions of plaintiffs and ordering them to re-enroll plaintiffs as UCR students so that they may there complete their university degrees;

39. For such other and further relief as the court may deem just and proper.

Dated: August 10, 2020

_____

David Romley, Attorney for Plaintiffs

DEMAND FOR TRIAL BY JURY

Plaintiffs and each of them demand trial by jury in the within action.

Dated: August 10, 2020

_____

David Romley, Attorney for Plaintiffs