UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-2495 FMO (SPx) | Date | March 12, 2021 |
|---|---|---|---|
| Title | Chad Ayach, et al. v. Michelle Moran, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order re: Pending Motion

Having reviewed and considered all the briefing filed with respect to defendants' Motion to Dismiss Plaintiffs' Consolidated Second Amended Complaint (Dkt. 31, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## PLAINTIFFS' ALLEGATIONS

On August 11, 2020, Chad Ayach ("Ayach") and Joseph Nofal ("Nofal") (collectively, "plaintiffs"), filed the operative Consolidated Second Amended Complaint ("SAC") against defendants Michelle Moran ("Moran"), Robert Stephens ("Stephens"), Christine Mata ("Mata"), Christine Bender ("Bender"), and Brendan O'Brien ("O'Brien") (collectively, "defendants), asserting claims under 42 U.S.C. § 1983.  (See Dkt. 30, SAC).

Plaintiffs were admitted as full-time students at the University of California, Riverside ("UCR") in 2016.  (See Dkt. 30, SAC at ¶¶ 6, 23).  In January 2019, "Moran, acting in her capacity as Conduct Coordinator of the Student Conduct & Academic Integrity Programs at UCR, commenced a proceeding to expel plaintiff[s] for alleged violations of UCR's student conduct rules."  (Id. at ¶ 7, 24).  The proceedings were based on "anonymous reports from unidentified individuals" who accused plaintiffs of, among other things, "kidnapping a UCR student and 'hazing.'"  (Id.).

On October 3, 2019, Stephens and Moran, along with other participants from UCR, "conducted and presided over an adversarial proceeding entitled a 'Committee Review,' at which time allegations against plaintiff[s] were reviewed and plaintiff[s were] questioned."  (Dkt. 30, SAC at ¶¶ 8, 25).  On November 6, 2019, Stephens notified plaintiffs "in writing that [they were] found to be responsible for various student conduct violations including kidnapping and hazing" and that they would be "sanctioned by the imposition of Disciplinary Dismissal[s.]"  (Id. at ¶¶ 9, 26). Plaintiffs' "status as [] UCR student[s] was terminated indefinitely[.]" (Id.).  On November 21, 2019, plaintiffs appealed their expulsion to Mata, the UCR Dean of Students.  (See id. at ¶¶ 10, 27).  On December 16, 2019, Bender and O'Brien denied plaintiffs' appeals, a decision which plaintiffs allege on information and belief, Mata participated in and ratified.  (See id.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-2495 FMO (SPx) | Date | March 12, 2021 |
|---|---|---|---|
| Title | Chad Ayach, et al. v. Michelle Moran, et al. | | |

Plaintiffs allege that defendants "acting under color of state law, deprived [them] of [their] property and liberty interests without due process" by: (1) expelling plaintiffs through a proceeding during which the identities of the various individuals were kept secret; (2) preventing plaintiffs from conducting any meaningful investigation of the charges prior to the Committee Review; (3) depriving plaintiffs of the right to confront and cross-examine the unidentified witnesses, who did not appear or testify at the Committee Review; (4) depriving plaintiffs of the right to confront and examine the "purported victim" who did not appear or testify at the Committee Review; and (5) having a committee "comprised of biased individuals who owed allegiance and fidelity" to Moran and Stephens. (Dkt. 30, SAC at ¶¶ 12, 29). Plaintiffs seek damages and injunctive relief. (See id. at ¶¶ 35-38).

## **LEGAL STANDARD**

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (internal quotation marks omitted); Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, see Erickson, 551 U.S. at 94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. See Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-2495 FMO (SPx) | Date | March 12, 2021 |
|---|---|---|---|
| Title | Chad Ayach, et al. v. Michelle Moran, et al. | | |

**DISCUSSION**

Defendants contend that the court should dismiss the SAC because plaintiffs have failed to exhaust their judicial remedies. (See Dkt. 31-1, Defendants' Memorandum of Points and Authorities in Support of their Motion to Dismiss [ ] ("Memo") at 1, 9-10). According to defendants, plaintiffs are barred from moving forward on their claims since they have not filed a petition for a writ of administrative mandamus pursuant to California Code of Civil Procedure § 1094.5 ("§ 1094.5").[1] (See id. at 10). Plaintiffs counter that "exhaustion of state administrative remedies is not required as a prerequisite to bringing an action pursuant" to § 1983. (Dkt. 32, Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss [ ] ("Opp.") at 4).

Plaintiffs' argument is foreclosed by the Ninth Circuit's decision in Doe v. Regents of the University of California, 891 F.3d 1147 (9th Cir. 2018). In that case, the plaintiff, a student at the University of California at Santa Barbara ("UCSB"), was suspended after being found "responsible" for the sexual assault of another student. See id. at 1150. After plaintiff's appeal of the suspension was denied by the USCB Chancellor, he filed an action in federal court alleging, among other things, that UCSB held an "unfair hearing[,]" id. at 1150-51, and asserting Title IX and declaratory relief claims against The Regents of the University of California ("The Regents") and a § 1983 due process claim against UCSB's assistant dean of students ("assistant dean"), in her official capacity.[2] See id. In reversing the district court's denial of defendants' motion to dismiss, the Ninth Circuit stated that under California law, a "party must exhaust judicial remedies by filing a § 1094.5 petition, the exclusive and established process for judicial review of an agency decision." Id. at 1155 (internal quotation marks omitted). Because UCSB's suspension of plaintiff was "the sort of adjudicatory, quasi-judicial decision that is subject to the judicial exhaustion requirement[,]" id., the Ninth Circuit held that plaintiff's § 1983 and Title IX claims were "precluded because he . . . failed to exhaust judicial remedies by filing a § 1094.5 writ petition[.]"[3] Id. at 1154 (footnote omitted); id. at 1155 ("The district court should have dismissed without prejudice Doe's § 1983 and Title IX claims.") (footnotes omitted).

---

[1] Section 1094.5 provides for judicial review of "any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer[.]" Cal. Civ. Proc. Code § 1094.5(a).

[2] The complaint in Doe included a claim based § 1094.5, which the Ninth Circuit determined was barred by the Eleventh Amendment. See 891 F.3d at 1153-54.

[3] The Ninth Circuit explained that "federal courts accord preclusive effect to state administrative proceedings that meet the fairness requirements of United States v. Utah Construction & Mining Co., 384 U.S. 394, 86 S.Ct. 1545 [ ] (1966)" and "[b]ecause California has adopted the Utah Construction standard, [the Ninth Circuit] give[s] preclusive effect to a state administrative decision if the California courts would do so." Doe, 891 F.3d at 1154-55.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-2495 FMO (SPx) | Date | March 12, 2021 |
|---|---|---|---|
| Title | Chad Ayach, et al. v. Michelle Moran, et al. | | |

Plaintiffs argue that Doe does not preclude their claims because they "have not alleged claims against [the] University of California" and "have not included a state law mandamus claim." (Dkt. 32, Opp. at 4). However, the Doe court did not merely dismiss the claims against The Regents, but also dismissed the § 1983 claim that was asserted against the assistant dean in her official capacity. See Doe, 891 F.3d at 1151 (§ 1983 asserted against only assistant dean in her official capacity); id. at 1155 n. 9 (dismissing § 1983 claim and noting that "district court should have dismissed Doe's [complaint] in its entirety").

Here, "[i]t is undisputed that [plaintiffs] ha[ve] not filed a § 1094.5 petition[.]"[4] Doe, 891 F.3d at 1155; (see, generally, Dkt. 30, SAC); (Dkt. 32, Opp.). In other words, plaintiffs have failed to exhaust their judicial remedies, and the SAC must therefore be dismissed.[5] See Doe, 891 F.3d at 1155; see also Shen v. Albany Unified School District, 2018 WL 4053482, *2 (N.D. Cal. 2018) ("Because plaintiffs do not allege that they have exhausted administrative and judicial remedies, the[ir due process] claims will be dismissed.").

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss Plaintiffs' Consolidated Second Amended Complaint **(Document No. 31) is granted**. Plaintiffs' Second Amended Complaint is **dismissed without prejudice** to plaintiffs filing a § 1094.5 petition in state court.

2. Judgment shall be entered accordingly.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | vdr |

---

[4] Because of the court's determination that plaintiffs have failed to exhaust their judicial remedies, the court will not address defendants' remaining contentions.

[5] Although the § 1094.5 issue has been raised a numerous times, (see, e.g., Dkts. 14, 28); (Joseph Nofal v. Michelle Moran, et al., ED CV 20-0030 FMO (SPx) ("Nofal"), Dkt. 14), plaintiffs have not indicated an intent or interest in filing such a petition. (See, generally, Dkt. 17); (Nofal, Dkt. 16). Also, although plaintiffs have not requested leave to amend, (see, generally, Dkt. 32, Opp.), the court is convinced that granting leave to amend is unnecessary, as there is no dispute that plaintiffs have a not filed a § 1094.5 petition. See Doe, 891 F.3d at 1154 n. 6 ("[O]ur conclusion that the § 1094.5 petition is a state law claim bars Doe from bringing the writ petition in federal court against either The Regents or [the assistant dean] and means . . . amendment would be futile.").